UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| G. THOMAS WALKER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 4:07CV1741 RWS |
| v. | ) | |
| | ) | |
| CITY OF MOLINE ACRES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Thomas Walker filed this action for wrongful termination against Defendants City of Moline Acres, Fred Hodges, Michele DeShay, and Ira Rice. Hodges is the mayor of Moline Acres. DeShay and Rice are Aldermen. Walker claims he was fired for exercising his First Amendment right to free speech. Walker also alleges he was discharged in violation of public policy and in violation of Missouri laws protecting whistleblowers.

On September 16, 2008, I gave Walker leave to amend his complaint no later than October 6, 2008. In response Walker filed this motion seeking to amend his pleadings and join additional party plaintiffs. David Brandon, Courtland Dantzler-Bey, and Khadizah Brown ("Movants") seek to join this action because, they claim, they were fired or suspended as a result of the same pattern of illegal activity that resulted in Walker's discharge from Moline Acres.

I will deny Walker's motion to join additional plaintiffs because each movant's claims should be analyzed individually in light of the specific facts surrounding the adverse employment actions they allege. However, because Rule 15 requires that leave to amend be freely given, I will grant Walker's motion to amend the complaint as it relates to his own claims.

*Background*

The first amended complaint alleges:

*Walker*

Thomas Walker was the Chief of Police of Moline Acres. On June 19, 2007, Mayor Hodges fired Walker and two other police officers, one of whom was Dantzler-Bey. Moline Acres later reinstated Walker. Nearly three months later, on September 13, 2007, Walker asked the Board to impeach Hodges for interfering with police business. Several days later, Moline Acres placed Walker on administrative leave. On the morning of September 25, 2007, Walker met with a St. Louis County assistant prosecutor to discuss Hodges' illegal activity. That evening the Board voted to fire Walker.

*Brandon*

David Brandon was a police officer with Moline Acres. Before Hodges fired Walker in June 2007, Hodges and two other police officers met with Brandon and asked him for help getting Walker fired. One officer asked Brandon to "dig up dirt" on Walker. Brandon refused and told Walker about the meeting. On September 25, 2007, after the Board fired Walker, Brandon told the media he believed Walker had been wrongfully terminated. The next day Hodges banned Brandon from City Hall and the police department. Hodges later fired Brandon. After unsuccessful attempts to return to his job with the Moline Acres police department, Brandon secured a new job with Velda City. Hodges twice attempted to have Brandon fired from his job in Velda City in retaliation for speaking to the media on September 25.

*Dantzler-Bey*

Courtland Dantzler-Bey was also a police officer with Moline Acres. In November of

2004, another Moline Acres police officer issued a DWI citation to one of Hodges' friends. Hodges asked Dantzler-Bey, who was responsible for sending DWI citations to the State for disposition, to "fix" the ticket by not submitting it to the State. Dantzler-Bey refused and informed Walker about Hodges' request. When Hodges became Mayor in 2007, he told friends he would fire Dantzler-Bey for not fixing the ticket and for reporting the incident to Walker. On June 19, 2007, Hodges fired Dantzler-Bey.

*Brown*

Khadizah Brown was a corrections officer with Moline Acres. On July 5, 2007, Brown attended a city meeting at which Hodges and the Board were present. During the meeting, Brown expressed her concerns that the Board's payments to itself reduced the Moline Acres budget for the police department. On July 17, 2007, Hodges suspended Brown without pay. He claimed he had seen Brown provide a former Moline Acres police officer with an envelope containing confidential information. Brown claims that the envelope contained a paper she had written for a class she was taking, and that the former officer was her mentor. Moline Acres did not investigate Hodge's allegations and simply replaced Brown with another employee. After Brown retained counsel in November of 2007, Moline Acres reinstated her to her job.

***Discussion***

Rule 20(a) of the Federal Rules of Civil Procedure provides that "[p]ersons may join in one action as plaintiffs if (A) they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). The decision to permit joinder of parties is a matter for the discretion of

the district court. Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974). Although joinder of claims and parties is strongly encouraged to promote trial convenience and lessen delay, permissive joinder is not appropriate in all cases. Id. at 1332–33.

In this case, Movants claim they were fired as part of a pattern of illegal activity by Hodges. Movants do not allege a common reason for their adverse employment actions, however. Walker claims he was fired for seeking Hodges' impeachment and complaining about Hodges' behavior. Dantzler-Bey claims Hodges retaliated against him for refusing to assist Hodges in illegal or unethical police conduct. Brandon alleges Hodges retaliated against him for failing to assist him in illegal or unethical police behavior and for speaking to the media. Although Brown alleges, like Walker, that she experienced an adverse employment action for having expressed concerns to the Board of Alderman, her concerns addressed the Board's own actions, not Hodges' actions.

Movants argue that they should be allowed to bring their claims together because they involve retaliation for first amendment activity and interrelated facts. Rule 20(a) does not permit joinder of "interrelated" claims; it requires a common question of law or fact. Because Walker, Brandon, Dantzler-Bey and Brown present distinct factual and legal issues which should be given individual attention and separately analyzed, I will deny Movants' request to join as additional parties to Walker's suit.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a court should freely grant parties leave to amend their pleadings when justice requires. "[D]enial of leave to amend a pleading is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving

party can be demonstrated." Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir. 2001). On September 16, 2008, I granted Walker leave to amend his complaint. Because this motion is not the product of bad faith or undue delay and will not result in unfair prejudice, I will grant Walker's motion to amend his complaint as it relates to him only.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to Amend and Movants' motion to Join Parties [#27] is **GRANTED in part and DENIED in part**. Plaintiff Walker's motion to amend his complaint is **GRANTED** as it relates to him only. Movants' request to join as parties is **DENIED**.

In order to permit the Defendants to properly prepare their response,

**IT IS FURTHER ORDERED** that Walker file an amended complaint which contains only his claims within 10 days.

／s／ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2008.