**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| G. THOMAS WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1741RWS |
| | ) | |
| CITY OF MOLINE ACRES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff G. Thomas Walker filed this action for wrongful termination against Defendants City of Moline Acres, Fred Hodges, Michele DeShay, and Ira Rice. Hodges is the mayor of Moline Acres. DeShay and Rice are Aldermen. Walker, the former Chief of Police of Moline Acres, claims he was fired for exercising his First Amendment right to free speech after he complained to a St. Louis County prosecutor about Hodges' illegal activity. Walker also alleges his termination violated public policy and Missouri law protecting whistleblowers.

Defendants have moved to dismiss Walker's claims that Defendants conspired to, and did in fact, violate his First Amendment right to free speech. Defendants argue that because Walker did not engage in constitutionally protected speech, he fails to state a claim upon which relief can be granted. For the reasons set forth below, I will deny Defendants' motion.

### Background

In his complaint, Walker alleges:

Walker was the Chief of Police of Moline Acres. Fred Hodges is the Mayor of Moline Acres. Michele DeShay and Ira Rice are members of the Board of Aldermen ("Board"). Walker was an at-will employee, terminable at the will of a majority of the Board, with the Mayor's

support, or upon a two-thirds vote of the Board. From the time Walker was hired in October, 2001, he faithfully performed his duties as Chief of Police. Walker received positive performance evaluations and was never disciplined.

On June 19, 2007, Hodges fired Walker and two other police officers in violation of state law and/or the City's municipal code. The City reinstated Walker. On September 13, 2007, Walker wrote a memo to the Board concerning Hodges' behavior. The memo began, "As Chief of Police I am making an official request that the Aldermanic Board take actions to bring articles of impeachment against Mayor Fred Hodges . . . ." Hodges had previously been impeached for impersonating a police officer to obtain business discounts, interfering with police officers in the performance of their duties, and illegally using the City's credit card to purchase personal items. After his earlier impeachment, Hodges was reelected Mayor.

Walker's memo advised the Board that Hodges interfered with police duties as follows:

• On or about June 15, 2007, Hodges ordered a police officer to tow a vehicle from the residence of a former mayor and political foe, although the individual had committed no towable offense.

• In May 2007, Hodges instructed an officer to investigate a commercial vehicle parked in the City. After the vehicle was ticked by the officer, Hodges directed the officer to instruct the owner to move the commercial vehicle and to tell the owner if the owner did not like it the owner could see Hodges. Because the officer advised the owner that action was being against him at the Mayor's direction, the Mayor threatened to fire the next officer who made a similar statement.

- Hodges instructed Walker to conduct D.W.I. checkpoints every weekend at a local business owner's establishment if he would not allowed his parking lot to be used for an annual circus held in the City.

- On or about June 2, 2007, Hodges ordered a police officer to release a fugitive wanted by another police agency, destroy tickets issued by the officer for moving violations that occurred within the City, and return the man the vehicle that had been towed after the man was arrested. The man ordered released is Hodges' son-in-law.

In retaliation for the memo, Walker was placed on administrative leave on September 19, 2007. After that date, Walker could no longer act pursuant to his official duties as the Chief of Police of the City of Moline Acres.

On the morning of September 25, 2007, Walker met with a St. Louis County assistant prosecutor to discuss Hodges' illegal activity. That expression was a motivating factor and/or played a part in Defendants' decision to fire Walker. Defendants, acting under color of law, conspired together and reached a mutual understanding to fire Walker because of his private expression to the St. Louis County's Prosecuting Attorney's office. The City's retaliation against Walker is part of a pattern and practice, custom, policy and usage it exercises against its employees who assert their First Amendment rights to challenge Hodges' actions.

That evening, at the City's Board meeting, Rice moved to terminate Walker. DeShay seconded the motion. Rice and DeShay, political allies of the mayor, voted to terminate Walker. Aldermen Shonte Harmon-Young and Larry Thomas voted against terminating Walker, which resulted in a tie vote on the issue of Walker's termination. Hodges cast the tie-breaking vote to

fire Walker.  By firing Walker in this manner, Defendants violated state law requiring that two-thirds of Board members or a majority of Board members, with the mayor's consent, vote to terminate an appointed officer of the City.

### *Legal Standard*

When ruling on a motion to dismiss for failure to state a claim, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Erickson, 127 S. Ct. at 2200.  Although the specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests.  Id.

### *Discussion*

In Count I, Walker alleges Defendants violated his First Amendment right to free speech when they fired him in retaliation for informing a St. Louis County prosecutor about Hodges' illegal activity.  In Count II, he alleges Defendants conspired to deprive him of his constitutional right to free speech.  Defendants seek to dismiss Counts I and II on the basis that Walker's complaints to the St. Louis County Prosecuting Attorney's office, for which he was allegedly terminated, were made in his role as Chief of Police, not in his role as a private citizen, and are therefore not protected speech under the First Amendment.

To decide whether a public employee's speech is protected by the First Amendment, a court must first determine "whether the employee spoke as a citizen on a matter of public concern." Garcetti v. Ceballos, 547 U.S. 410, 418 (2006). This is a question of law for the court and "must be determined by the content, form, and context of a given statement, as revealed by the whole record." Connick v. Myers, 461 U.S. 138, 148, 148 n.7 (1983). The U.S. Supreme Court's decisions prior to Garcetti clarified this issue in many recurring contexts. McGee v. Pub. Water Supply, 471 F.3d 918, 920 (8th Cir. Mo. 2006). On the one hand, when a government employee speaks "as an employee upon matters only of personal interest," such as many personnel matters, the First Amendment does not offer protection. Id. On the other hand, when a government employee speaks "as a citizen"—that is, outside the scope of employment—on "matters of public concern," the First Amendment offers protection if the speech survives the balancing test set forth in Pickering v. Bd. of Educ., 391 U.S. 563, 568 (1968). Id. There can be no doubt that a Mayor's interference with police officers performing their duties and illegally directing or attempting to abate the legal discharge of police officers' duties is "a matter of public concern."

The issue in this case is whether Walker's speech was made "pursuant to his official duties" as the Chief of Police. Garcetti, 547 U.S. at 421. "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Id. In Garcetti, the Court explained that determining the scope of an employee's duties "is a practical inquiry that focuses on 'the duties an employee actually is expected to perform,' rather than his formal job description." McGee at 921.

Walker alleges his private expression to the St. Louis County Prosecuting Attorney's office while on administrative leave was a motivating factor in Defendants' decision to fire him. Defendants argue that Walker's speech was made pursuant to his official duties for several reasons: (1) as a police officer, Walker had a legal duty to report illegal activity,[1] and therefore, could not be acting as a private citizen; (2) while on administrative leave, Walker still had the legal responsibility to report suspected illegal activity; (3) Walker's speech owes its existence to his position as Chief of Police; and (4) Walker's speech to the prosecuting attorney was a continuation of the complaint Walker made to the Board as part of his duties, and therefore, was made within the course and scope of his employment as Chief of Police.

*Walker's legal duty as a police officer to report illegal activity*

Defendants argue that police officers have a duty to enforce the law even when off duty. See Simon v. St. Louis County, 563 F. Supp. 76, 79 (D.C. Mo. 1983). Simon does not direct the outcome of this case, however. Simon addressed the duties of *off-duty* commissioned officers. Id. It did not discuss the duties of officers on *administrative* leave. Here, Walker alleges that his expressions to the St. Louis County Prosecuting Attorney's office were made at a time when he could not act as the City's Chief of Police because he was on administrative leave. For the purposes of this motion, Walker's allegations are assumed to be true. Nothing in the record counters Walker's claim that he could not act as the Chief of Police when he spoke to the prosecutor about Hodges' conduct.

---

[1] Defendants' motion actually says a duty to report "legal activity." I assume this is a typographical error and Defendants meant to say "illegal activity."

*Walker still employed as an officer of the City*

Defendants argue that Walker retained his duties to report illegal activity because Missouri law places an obligation on appointed officers to report violations of local ordinances. Missouri law provides that "[e]very officer of [a fourth class city] shall take and subscribe to an oath or affirmation . . . that he will support the Constitution of the United States and of the state of Missouri, the provisions of all laws of this state affecting cities of this class, and the ordinances of the city . . . ." Mo. Rev. Stat. § 79.260. The section of Missouri law Defendants reply upon states only that appointed officers support the ordinances of the city, not that appointed officers have a duty to enforce them.

Another statute, Mo. Rev. Stat, § 79.290, provides that "[t]he duties, powers and privileges of officers of every character in any way connected with the city government, not herein defined, shall be prescribed by ordinance." Walker claims he was free from his duties as Police Chief when he spoke with the St. Louis County Prosecuting Attorney's office. The record does not contain any evidence that Moline Acres ordinances require officers on administrative leave to continue to fulfill their duties or that the actual duties of an officer on administrative leave include reporting illegal activity.

*Speech owing its existence to Walker's position as Chief of Police*

Defendants argue that because Walker's speech "owes its very existence" to his position as Chief of Police, it could not be made as a private citizen. Defendants rely on <u>Mantle v. City of Country Club Hills</u>, No. 4:07CV55CEJ, 2008 WL 3853432 (E.D. Mo. Aug. 15, 2008). As in this case, in <u>Mantle</u>, the plaintiff was the city's Chief of Police who reported the Mayor's illegal conduct. 2008 WL 3853432, at 1. The plaintiff learned of the Mayor's illegal conduct from a

member of the Board of Alderman who provided the information in an informal setting.  Id.  The plaintiff "admit[ted] in his deposition that, as a law enforcement officer, he [was] responsible to report crimes."  Id. at 4.  The court determined that the plaintiff reported the Mayor's misconduct as part of his official duties as the Chief of Police.  Id.  Because the plaintiff's speech "owe[d] its existence" to his position as Chief of Police, he could not show a First Amendment violation.  Id.

The fact that an employee learns about the topic on which he speaks through his employment, however, does not preclude him from speaking as a citizen on that matter.  See Lindsey v. City of Orrick, 491 F.3d 892, 898 (8th Cir. 2007).  In Lindsey, the Eighth Circuit rejected arguments that an employee could not speak as a citizen on a topic he learned of through his employment.  Id.  Further, the fact that the employee's job required him to attend city council meetings did not prevent him from speaking as a private citizen at those meetings.  Id.  Instead, the Eighth Circuit focused on whether the employee's *job duties* included the subject on which he spoke.  Id.  Although the city paid for the employee to attend a seminar where he learned of the topic on which he spoke and required his presence at the meeting where he spoke, the employee's speech was made as a citizen because it did not concern his job duties.  Id.

In this case, Walker claims that his expressions to the St. Louis County Prosecuting Attorney's office were made at a time when he was removed from his duties as the City's Chief of Police.  The fact that Walker learned of Hodges' misconduct while employed by the City did not prevent him from speaking as a citizen on the matter.

*Walker's speech to prosecuting attorney  a "logical continuation" of his earlier speech*

Defendants argue that Walker's expressions to the St. Louis County Prosecuting Attorney's office while on administrative leave could not be made as a private citizen because

the nature of the message was the same as expressions he had earlier made pursuant to his job duties.  Garcetti explains that the inquiry is whether the speech was made pursuant to the employee's job duties.  547 U.S. at 421.  Walker claims reporting Hodges' misconduct was not a duty that he was expected to perform while on administrative leave.   Nothing in the record before me disputes Walker's claims.

Because I must assume all the allegations contained in Walker's Complaint are true, and Walker alleges his speech to the St. Louis Prosecuting Attorney's office was made at a time when he could not speak as a police officer, I find that Walker has sufficiently pled facts that he was speaking as a concerned public citizen, rather than as the Chief of Police when he met with the St. Louis County prosecutor regarding Hodges' misconduct.  As a result, Defendants' motion to dismiss Count I is denied.  The parties agree that Counts I and Counts II are inextricably bound and will succeed or fail together.  As a result, I will deny Defendants' motion to dismiss Count II.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants City of Moline Acres, Fred Hodges, Michele DeShay, and Ira Rice's motion to dismiss [#36] is **DENIED.**

Dated this 13th day of February, 2009.


RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE